(No. 3230—

WALTER CAMM, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 20, 1938.*

ALSCHULER, PUTNAM & JOHNSON, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed on March 16, 1938, and alleges that on the 23rd day of April, 1937, the claimant, Walter Camm, was an employee of the State of Illinois, and on that day, he was working on a road drag, replacing a blade, on S. B. I. Route 47. The blade had been raised off the ground by means of a jack, and while installing a new blade the drag slipped off the jack and fell to the ground, and claimant's second finger on his right hand was so badly injured that it was necessary to amputate it at the level of the middle of the second phalanx. Amputation was done by Dr. Emmett L. Lee of Aurora, Illinois, at St. Joseph Mercy Hospital.

The State of Illinois paid all the necessary medical, surgical and hospital bills in the total sum of $56.75. Claimant remained in the hospital until April 29, 1937.

Claimant returned to work on May 10, 1937, and his temporary total incapacity was for a period of sixteen days.

One June 25, 1937, claimant was paid the sum of $17.68 as compensation, and no further sum was paid to claimant.

All the facts are stipulated, and claimant seeks an award of $480.09. The claimant had been in the employ of the State for more than one year prior to his injury, in the Division of Highways, Department of Public Works and Buildings. His annual earnings for a period of one year previous to April 23, 1937, was the sum of $1,258.40. At the time of the injury, he was the father of one child under sixteen years of age.

It appears from the facts in this case that both claimant and respondent were under the Workmen's Compensation Act, and that the injury arose out of, and in the course of claimant's employment, and he is entitled to compensation for loss of his second finger on the right hand, which was amputated at the level of the middle of the second phalanx, as governed by Section 8 of the Compensation Act. His average weekly earnings were $24.20; he had given respondent immediate notice of the accident and his claim was filed in due time.

Under the Compensation Act, claimant was entitled to temporary total incapacity at the rate of $12.10 per week, for nine days, or the sum of $15.58, and under Sub-section (e) he is entitled to an award for the complete loss of the finger,

or the sum of fifty per cent (50%) of his average weekly wage during thirty-five weeks. Thirty-five weeks at $12.10 per week, equals the sum of $423.50. The sum of $423.50 plus the temporary total incapacity of $15.58 equals the sum of $439.08. However, the stipulation shows that he received the sum of $17.68, which leaves the sum of $421.40.

We hereby make an award to the plaintiff, Walter Camm, in the sum of $421.40. He is entitled to be paid this sum at the rate of $12.10 per week. If this sum had been paid at the rate provided by law, the whole amount would have been fully paid. He is, therefore, entitled to the sum of $421.40 in cash.

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' Approved July 3, 1937 (Sess. Laws 1927 p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.